IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| PETE WRIGHT, Register No. 166935, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4201-CV-C-NKL |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff Pete Wright, an inmate confined in a Missouri corrections facility, filed suit in August 2006, asserting various claims related to his confinement and status as a disabled person. Thereafter, he was granted leave to proceed in forma pauperis[1] and service was either made or waived on the named defendants.

On January 30, 2007, defendants Lombardi, Crawford, Wood, Dormire, Cassady, Rice, Johnson, Swicord and the State of Missouri filed a motion to dismiss on numerous grounds. In response, plaintiff indicated a desire to file an amended complaint which would remedy any defects in his initial complaint.

Likewise, on April 4, 2007, defendant Vinson filed a motion to dismiss the claim against her based upon alleged violations of Title II of the Americans with Disabilities Act. Plaintiff responded that the motion would be moot with the filing of an amended complaint.

Plaintiff submitted a motion for leave to amend his complaint on April 16, 2007, and a proposed amended complaint on June 5, 2007, which was docketed as a request for leave to amend his complaint. The Department of Corrections defendants responded without objection to the amendment, but requested that the scheduling order be amended to allow sufficient time to file a new motion to dismiss, if appropriate, and to conduct discovery with regard to the new

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

complaint. The court notes that plaintiff objects to the request to alter the scheduling order and to allow defendants to file an addition motion to dismiss.

Defendant Vinson had no objections to the amendment with regard to the claims against her, but opposed plaintiff's proposed addition of Drs. Harman and Garcia as defendants.

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires. Here, plaintiff seeks to clarify the issues for trial, cure any defects in the initial complaint, and give defendants better notice of the claims being asserted against them. Accordingly, plaintiff's requests for leave to file the amended complaint are granted. Plaintiff is advised, however, that in the future, his pleadings should not be written on both sides of the paper. Plaintiff should write on only one side of the page on documents he wants the court to consider.

On April 6, 2007, plaintiff filed a motion for sanctions to be imposed against the defendants under Fed. R. Civ. P. 11. Plaintiff asserts defendants' motion to dismiss contained inaccuracies and legal arguments which defendants knew to be false or improper in this case. Defendants responded in opposition to the motion, plaintiff replied and defendants filed a surreply. In essence, plaintiff asserts defendants violated the following section of Rule 11:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

The court has reviewed the pleadings at issue and finds that a violation of Rule 11 has not occurred, and that defendants have not filed documents for an improper purpose.

IT IS, THEREFORE, ORDERED that plaintiff's motion of April 6, 2007, for sanctions is denied. [30] It is further

ORDERED that plaintiff's motions of April 16 and June 5, 2007, to amend his complaint are granted. [34, 46] It is further

ORDERED that within thirty days, Correctional Medical Services notify the court, in writing, for which defendant(s) it will and will not waive service of process. It is further

2

ORDERED that defendants Drs. Harman and Dr. Garcia answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived.  It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration.  It is further

ORDERED that the deadlines set forth in the scheduling order entered on April 5, 2007, are amended as follows:  initial disclosures are due by September 1, 2007; notice of the need for additional discovery is due by October 1, 2007; discovery closes on December 15, 2007; and dispositive motions are due by January 15, 2008.  It is further

RECOMMENDED that defendants' motion of January 30, 2007, to dismiss be denied as moot in light of the amended complaint.  [17]  It is further

RECOMMENDED that defendant Vinson's motion of April 4, 2007, to dismiss be denied as moot in light of the amended complaint.  [28]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 23rd day of July, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge