IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| PETE WRIGHT, Register No. 166935, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4201-CV-C-NKL |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT, RECOMMENDATION AND ORDER

Plaintiff Pete Wright, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff's motions for preliminary injunctive relief seeking a change in his cell assignment relating to his medical condition do not warrant preliminary injunctive relief. Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr,

676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)).  Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined."  Dataphase, 640 F.2d at 113.  The burden of proof is on the party seeking injunctive relief.  United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

Plaintiff's claims seeking preliminary injunctive relief regarding his cell assignment in prison are related to his claims on which he is proceeding in this case.  There is no indication by plaintiff that medical personnel have requested he be returned to his previous medical classification of M-4 which allows him to be housed in the Transitional Care Unit of the Jefferson City Correctional Center.  Clearly, plaintiff is in disagreement with his cell assignment, but that is insufficient to warrant preliminary injunctive relief.  Plaintiff's claims can be appropriately addressed via the normal processing of this case.

Plaintiff's motions seeking injunctive relief relating to insufficient provision of legal supplies should be denied.  Plaintiff's extensive filings in this case clearly indicate he is not being denied legal supplies.

Upon consideration of defendants' pending motions for judgment on the pleadings and to dismiss, discovery and the scheduling order entered in this case are stayed until such time as a final order ruling these motions is entered by the Honorable Nanette K. Laughrey.  Upon such ruling, a new scheduling order for discovery and for filing motions for summary judgment will be entered, if necessary.

In light of the stay of discovery and the scheduling order in this case, remaining motions related to discovery are dismissed, without prejudice, subject to refiling.

Plaintiff's May 29, 2007 motion for contempt is denied.  Plaintiff's allegation that defendants are improperly withdrawing funds for payment of his filing fees is without merit.  Defendants are withdrawing funds from plaintiff's account in accordance with 28 U.S.C. § 1915(b)(2), as ordered.  If plaintiff seeks to challenge the procedures used by the Department

of Corrections in withdrawing filing fees from his account, he may make such challenge in state court.

Claims that the Department of Corrections is improperly taking plaintiff's inmate account monies are, in essence, claims that state employees are violating his due process rights under the Fourteenth Amendment when they take his property. Generally, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under section 1983 if suitable state remedy); Parratt v. Taylor, 451 U.S. 527, 542 (1981).

Missouri provides adequate remedies to redress property damages. Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990). Plaintiffs can sue in circuit court for replevin under Mo. S. Ct. R. 99.01 to 99.15, or they can bring a common-law claim for conversion. Hardesty v. Mr. Cribbin's Old House, Inc., 679 S.W.2d 343, 347 (Mo. App. 1984). See also Knight v. M.H. Siegfried Real Estate, Inc., 647 S.W.2d 811, 814 (Mo. App. 1982). Plaintiffs also can recover for losses caused by the tortious acts of state employees, acting in their ministerial capacities. See Harris v. Munoz, 43 S.W.3d 384 (Mo. App. 2001); Jungerman v. City of Raytown, 925 S.W.2d 202 (Mo. Banc 1996); Jackson v. Wilson, 581 S.W.2d 39, 42-43 (Mo. App. 1979); Mo. Ann. Stat. § 105.711 (West Supp. 2007).

Plaintiffs who lack funds may seek to file and prosecute their claims as poor persons under Mo. Ann. Stat. § 514.040 (West 2002). This statute gives state judges the discretion to waive costs and fees for indigent parties. Thus, plaintiff may be able to obtain relief in state court even if he lacks funds.

Plaintiff's motion seeking relief from a clerical mistake as to the date of filing his amended complaint is denied. Plaintiff's amended complaint was properly filed.

IT IS, THEREFORE, ORDERED that plaintiff's motion for relief from a clerical mistake is denied. [119] It is further

ORDERED that plaintiff's motion for contempt is denied. [45] It is further

ORDERED that discovery is stayed until such time as a final order is entered by the Honorable Nanette K. Laughrey ruling defendants' motions for judgment on the pleadings and to dismiss. [118] It is further

3

ORDERED that remaining motions related to discovery are denied, without prejudice, subject to refiling. [102, 121, 122, 123, 128, 129, 132, 134]  It is further

RECOMMENDED that plaintiff's motions for temporary restraining orders be denied. [39, 104, 106]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 17th day of September, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge