**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION**

| | | |
|---|---|---|
| PETE WRIGHT, Register No. 166935, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4201-CV-C-NKL |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff Pete Wright, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

**I. Motions to Dismiss**

Correctional Medical Services employees Drs. Hardman and Garcia have filed motions to dismiss, to which plaintiff has objected. Defendant Hardman argues plaintiff failed to exhaust his administrative remedies prior to filing suit. Defendant Garcia argues that plaintiff has alleged only state medical malpractice claims against him, and has failed to submit the affidavit required by section 538.225 of the Missouri Revised Statutes.

*A. State Malpractice Claims against Dr. Garcia*

Mo. Rev. Stat. § 538.225 requires that in any action against a health care provider for damages that the plaintiff file an affidavit with the court stating that:

> he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

Mo. Rev. Stat. § 538.225(1).

Upon review, plaintiff clearly has not filed the affidavit required, and therefore, his claims against Dr. Garcia should be dismissed. Plaintiff's motion for an extension of time regarding this issue is without merit.

*B. Retaliation Claims against Dr. Rex Hardman*

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

Plaintiff filed his complaint on August 27, 2006. Plaintiff's subsequent claims alleging retaliation by defendant Hardman are alleged to have occurred on January 11, 2007. Clearly, given plaintiff's allegations that the retaliation occurred subsequent to the filing of his complaint, plaintiff could not have exhausted those claims prior to filing suit as required by section 1997e. Further, the court finds no support for plaintiff's argument that he need not exhaust his claims because the retaliation allegations relate to his claims under the Americans with Disabilities Act (ADA). Plaintiff's reliance on Randolph v. Rodgers, 253 F.3d 342 (8th Cir. 2001), is misplaced. The court in Randolph specifically stated it was not addressing the issue of whether exhaustion of administrative remedies is required before filing a claim under Title II of the ADA. Id. at 347, n.8. Plaintiff's claims under the ADA relate to matters of prison life, and bring allegations under

a federal law, thus clearly falling subject to the mandatory language of section 1997e. The Supreme Court has specifically held that "Congress has mandated exhaustion clearly enough regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). The Court has further held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 532 (2002). Cases in the Eighth Circuit treat exhaustion of a prisoner's claims as mandatory, even when such claims are brought under the ADA. See Jackson v. Federal Bureau of Prisons, slip copy, 2007 WL 843839, *7 (D. Minn. March 16, 2007) (finding prisoner required to exhaust administrative remedies even when claims are denial of wheelchair in violation of the ADA); Simmons v. Missouri Dep't of Corr., slip copy, 2006 W.L. 1548829, *1 (E.D. Mo. 2006) (citing Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) (exhaustion requirement extends to claims brought pursuant to section 1983 and the ADA)).

Therefore, because plaintiff failed to exhaust his retaliation claims against defendant Hardman prior to filing this lawsuit, these claims should be dismissed, without prejudice, for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e.

## II. Motion for Judgment on the Pleadings

Defendants State of Missouri, Missouri Department of Corrections (MDOC), Dormire, Wood, Cassady, Swicord, and Johnson have filed a motion for judgment on the pleadings on plaintiff's claims under Title II of the Americans with Disabilities Act and various tort actions. Defendants seek dismissal for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e, and for failure to state a claim on which relief may be granted.

### *A. Exhaustion*

As set forth above, 42 U.S.C. § 1997e(a) requires a prisoner to exhaust such administrative remedies as are available prior to filing a lawsuit. A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, on all claims for which he is seeking relief.

### *B. Failure to State a Claim*

The standard for a motion for judgment on the pleadings is the same as that for a motion to dismiss. The distinction between a motion to dismiss and for judgment on the pleadings is

merely a procedural issue,[1] and thus, a Rule 12(c) motion for judgment on the pleadings is reviewed under the standard that governs Rule 12(b)(6) motions. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990) (citing St. Paul Ramsey County Med. Ctr. v. Pennington County, 857 F.2d 1185, 1187 (8th Cir. 1988)).

When reviewing a defendant's motion to dismiss, a plaintiff's "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

*C. Discussion*

Upon review of defendants' motion, the grievance documentation provided, and plaintiff's response, this court finds that plaintiff's following claims have been exhausted and are sufficient to overcome the motion for judgment on the pleadings filed by defendants: 1) ADA claims alleging denial of recreation and law library against defendants State of Missouri; Missouri Department of Corrections; and Chris Swicord and Jay Cassady, in their official capacities; 2) ADA claims alleging refusal to submit plaintiff's accommodation requests to Jefferson City Correctional Center (JCCC) facility ADA coordinator against defendants Chris Swicord and Jay Cassady, in their official capacities; 3) ADA claims alleging denial of smoke breaks against defendant Jay Cassady, in his official capacity; 4) ADA claims alleging denial of access to television cable against defendants Arthur Wood and Jay Cassady, in their official capacities; and 5) ADA claims alleging retaliatory transfer from TCU (transitional care unit) to GP (general population) against defendant Dave Dormire, in his official capacity.

Plaintiff's ADA claims against defendants in their individual capacities, and those seeking punitive damages should be dismissed. Claims against individual defendants in their individual capacities do not qualify under the ADA definition of public entity. Alsbrook v. City

[1] Technically, a Rule 12(b)(6) motion to dismiss cannot be filed after an answer has been submitted. Fed. R. Civ. P. 12(b)(6).

of Maumelle, 184 F.3d 999, 1011 (8th Cir. 1999). Further, punitive damages are not an available remedy under the ADA. Barnes v. Gorman, 536 U.S. 181 (2002).

Plaintiff's allegations regarding libel and slander, false imprisonment, negligence and other miscellaneous related allegations regarding violation of state tort law, fail to state a claim and/or are frivolous and should also be dismissed.

Plaintiff's claims that the State of Missouri and MDOC are liable for failing to ensure that buildings at JCCC were in compliance with ADA building codes were not grieved through the grievance procedures as required by section 1997e. These claims should be dismissed, without prejudice.

To the extent plaintiff alleges denial of access to the grievance procedures as to his unexhausted claims, this court finds that such claims are not supported by the evidence and are frivolous. The grievance documentation clearly indicates plaintiff is a frequent filer of grievances, regarding multiple issues, and has had no trouble filing complaints. Plaintiff's statements that for "13 years Swicord has intentionally attempted to thwart and block access to the grievance procedure simply because [plaintiff] believe[s] he is fat and lazy," is not a credible statement of denial of access.

**III. Conclusion**

The motions of Drs. Alfred Garcia and Rex Hardman to dismiss should be granted. The motion for judgment on the pleadings should be denied as to the defendants and claims specifically identified above in this order. Plaintiff's ADA claims against the State of Missouri and MDOC alleging failure to ensure compliance with ADA building codes should be dismissed, without prejudice, for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e. Finally, plaintiff's remaining claims, including state tort claims and claims against all remaining defendants should be dismissed for failure to state a claim and/or as frivolous.

**IV. Miscellaneous Motions**

Plaintiff has filed motions seeking a telephone conference, default judgment, an extension of time, and access to his legal materials. Defendants have filed their respective responses. Upon review, this court finds that plaintiff's motions are without merit, and that plaintiff has failed to contradict defendants' responses filed in opposition. The court notes

plaintiff has access to his legal materials stored in the prison property room, and clearly has access to legal supplies as indicated by his ongoing voluminous filings in this case.

IT IS, THEREFORE ORDERED that plaintiff's motions for a telephone conference, an extension of time, and access to his legal materials are denied. [14, 163, 165] It is further

RECOMMENDED that plaintiff's motions for default judgment be denied. [142, 150]. It is further

RECOMMENDED that the motions of defendants Drs. Alfred Garcia and Rex Hardman to dismiss be granted, and plaintiff's claims against them be dismissed. [72, 161] It is further

RECOMMENDED that the motion for judgment on the pleadings be granted, in part, and denied, in part. [117] It is further

RECOMMENDED that the motion for judgment on the pleadings as to plaintiff's ADA claims be denied as to the defendants and claims specifically identified in this report, recommendation and order. It is further

RECOMMENDED that plaintiff's ADA claims against the State of Missouri and MDOC, alleging failure to ensure compliance with ADA building codes, be dismissed. without prejudice, for failure to exhaust administrative remedies as required by 42 U.S.C. § 1983. It is further

RECOMMENDED that plaintiff's remaining claims, including state tort claims, and claims against all remaining defendants be dismissed for failure to state a claim and/or as frivolous.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 7th day of January, 2008, at Jefferson City, Missouri.

/s/ William A. Knox

WILLIAM A. KNOX
United States Magistrate Judge