IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| PETE WRIGHT, Register No. 166935, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4201-CV-C-NKL |
| | ) | |
| ARTHUR WOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

    Plaintiff Pete Wright, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

    On December 23, 2008, plaintiff's writ of mandamus and other motions were denied by the United States Court of Appeals for the Eighth Circuit. The mandate from the Court of Appeals, remanding the case back to the District Court, was issued on January 22, 2009. In consideration of the mandate, the stay entered in this case on September 17, 2008, is hereby lifted.

    Defendants have filed a motion seeking entry of a scheduling order. Defendants suggest there is no basis to reopen discovery, thus, only a dispositive motions deadline is needed. Defendants request dispositive motions be due April 15, 2009. Plaintiff has filed suggestions in opposition, claiming a need for further discovery. Defendants have filed a reply. In order to efficiently resolve the issue, a telephone conference will be scheduled as soon as possible. Plaintiff is advised that at such conference, he should be able to tell the court very specifically what discovery he still needs at this very late stage in the proceedings of this case.

    Plaintiff has filed motions seeking to alter and/or void all orders previously entered by the undersigned, citing his lack of consent to Magistrate Judge jurisdiction. Plaintiff is advised that

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

his case is referred by the District Judge to the undersigned for pretrial processing. A referral for pretrial processing does not require consent of the parties.

Plaintiff further seeks reconsideration of the dismissal of Deborah Vinson, stating that his state libel claim should not have been dismissed for failure to state a claim. Upon review of the record, the Report and Recommendation of January 7, 2008, shows that while the court was considering the motions of defendants other than Vinson, it nonetheless, in its full review of the claims, additionally recommended that all of plaintiff's remaining claims, including state tort claims, and claims against all remaining defendants be dismissed for failure to state a claim and/or frivolous. The recommendation was adopted by the District Judge.

Pursuant to 28 U.S.C. § 1915(e)(2), "the court shall dismiss the case at any time the court determines that . . . the action or appeal is frivolous or malicious [or] fails to state a claim on which relief may be granted." Thus, plaintiff's libel claim against CMS defendant Vinson that alleged Vinson's inter-office communication given to corrections officials stating that she interpreted a letter-to-sue given to her by plaintiff to be threatening, was properly dismissed for failure to state a claim and/or frivolous, pursuant to section 1915.

IT IS, THEREFORE, ORDERED that, pursuant to the January 22, 2008 mandate from the Eighth Circuit Court of Appeals, the stay in this case is lifted. It is further

RECOMMENDED that plaintiff's motions to alter and/or void all orders previously entered by the undersigned for lack of jurisdiction, and motion for reconsideration be denied. [229, 242, 243, 245]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make

specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 19th day of March, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*
WILLIAM A. KNOX
United States Magistrate Judge

3