IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| PETE WRIGHT, Register No. 166935, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4201-CV-C-NKL |
| | ) | |
| ARTHUR WOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On April 30, 2009, defendants filed a motion for summary judgment on plaintiff's remaining claims, as set forth in the court's order of February 21, 2008, which allege that defendants violated his rights under the Americans with Disabilities Act (ADA). On June 23, 2009, plaintiff filed a response in opposition, as well as additional filings asserting his opposition to dismissal of his claims. Defendants filed reply suggestions in support of summary judgment on July 8, 2009.

Rule 56(c) of the Federal Rules of Civil Procedure requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A qualified individual is anyone with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of the services or the participation in the programs or activities provided by a public entity. 42 U.S.C. § 12131(2). ADA's Title II, prohibiting a "public entity" from discriminating against a "qualified individual with a disability" on account of the individual's disability, applies to inmates in state prisons. Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206 (1998).

To establish a violation of Title II of the ADA, plaintiff must first demonstrate that 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon his disability. Randolph v. Rogers, 170 F.3d 850, 858 (8th Cir. 1999).

Plaintiff's claims fail the second and third requirement, respectively, for establishing a disability. The evidence does not support a finding that plaintiff was denied smoke breaks, cable television, recreation, or access to law library services because of his disability, or was at all relevant times otherwise qualified for these benefits.

The evidence shows plaintiff is an admitted nonsmoker, and therefore, has no basis for asserting he should be given smoke breaks. Plaintiff's assertion that he was to be given smoke breaks as an accommodation, in lieu of recreation, is unsupported by the evidence. As to cable

television, plaintiff had no cable television prior to December 2005 or from January 2007 until August 12, 2008, because he was in administrative segregation at a level one or two status, where offenders are not permitted cable in their cells. While in the Transitional Care Unit (TCU)[1], plaintiff did not have cable television because it was not available until February or April 2006, and then it was only beginning to be available, with only two of the approximate ten offenders housed there having cable in their cells. Further, the Eighth Circuit has held that cable television is not a public service program or activity within contemplation of the ADA. See Aswegan v. Bruhl, 113 F.3d 109 (8th Cir. 1997) (no violation of ADA where offender assigned to infirmary did not have the cable access offered in general population).

Despite plaintiff's allegations of denial of law library access, his deposition clearly shows he was not denied access. Plaintiff stated that through June 2006, he was able to use the law library any day he was physically capable of going. After June of 2006, plaintiff states he was told he could go twice weekly. Plaintiff states that after August of 2006, he couldn't go because of his physical condition and, in part, because of problems with the prison's yellow pass system. Plaintiff states that in October and November 2006, he was permitted to go anytime his pass allowed because he had a legal deadline. Plaintiff states that as of January 2007, he did not have physical access to the law library because he was in phase I or II of administrative segregation.

The facts do not support a finding that plaintiff was entitled to smoke breaks, cable television, or physical access to the law library, or that if entitled, he was denied these benefits based on his disability.

In plaintiff's deposition, he admits that from September 2005 until approximately February or April of 2006, he was not given recreation because he was physically unable to participate. Plaintiff had serious medical conditions of leukemia and pernicious anemia for which he was receiving treatment, and had a weakened immune system which prevented his participation. In January 2006, plaintiff did submit an IRR requesting recreation; however, the records show that medical staff determined plaintiff could not participate because of his risk of infection. The records show that by June 2006, plaintiff was able to enjoy frequent recreation.

---

[1] TCU is a medical unit in prisons that provides twenty-four-hour care for offenders in need of intensive medical care.

Plaintiff admits he was unable to attend recreation from January 2007 to the date of his deposition on August 12, 2008, because he was in either phase I or II of administrative segregation. Plaintiff's ADA claim alleging entitlement to and denial of recreation based on his disability is unsupported by the evidence. See Winters v. Arkansas Dep't of Health and Human Services, 491 F.3d 933, 937 (8th Cir. 2007) (no evidence to support ADA claim when prisoner was not denied admittance to state hospital on the basis of his disability, but rather was denied admittance for a lack of available space within the state hospital).

Plaintiff's related claims of equal protection, arguing that he should receive all the same services, privileges and activities of every other inmate in his classification, are not supported by the evidence. To establish a claim under the Equal Protection Clause, a plaintiff must show he has been treated by a state actor differently than those similarly situated because he belongs to a particular class, Inmates of the Nebraska Penal and Correctional Complex v. Greenholtz, 567 F.2d 1368, 1374 (8th Cir. 1977), or because a fundamental right is involved, Alcala v. Burns, 545 F.2d 1101 (8th Cir. 1976). Where there is no "suspect classification" involved, such as race, and no question of fundamental rights, the courts will uphold the state action or legislation, if it is rationally related to a "legitimate state purpose." Casbah, Inc. v. Thone, 651 F.2d 551 (8th Cir. 1981). The standard of review is a question of law. Prison inmates do not constitute a suspect class. More v. Farrier, 984 F.2d 269, 271 (8th Cir. 1993) (wheelchair inmates are not a suspect class); Fuller v. Lane, 686 F. Supp. 686 (C.D. Ill. 1988). The evidence does not show that plaintiff was similarly situated with other inmates within his same classification, because plaintiff was uniquely housed in TCU at the Jefferson City Correctional Center and was being treated for his serious medical conditions of leukemia and pernicious anemia. Further, the evidence shows that the alleged denial of the privileges of cable television, smoke breaks, law library and recreation, as set forth above, was not because of plaintiff's disability or because he belonged to a particular class. The privileges of cable television and smoke breaks are clearly not fundamental rights. Further, any differing treatment of plaintiff from that of other inmates in his classification as to physical access to the law library and recreation was rationally related to defendants' legitimate interest in providing plaintiff proper treatment and protection for his serious medical conditions.

4

Plaintiff's allegations that defendants violated his rights under the ADA by not forwarding his accommodation requests to the prison's ADA coordinator, Mr. Schrieber, is contradicted by plaintiff's own deposition testimony which states that he submitted his requests to ADA Coordinator Schreiber prior to ever submitting them to defendants.

Plaintiff's allegations of retaliation, in violation of the ADA, against defendant Dormire alleging that plaintiff was transferred from the Jefferson City TCU to general population in retaliation for his filing complaints, is unsupported by the evidence. Title 42 U.S.C. § 12203 provides that an individual cannot be discriminated against because of claims or involvement with claims involving the ADA. To succeed on a claim of retaliation under the ADA, a plaintiff must establish that (1) he engaged in statutorily protected activity; (2) adverse action was taken against him; and (3) a causal connection exists between the adverse action and protected activity. Stewart v. Independent Sch. Dist. No. 196, 481 F.3d 1034, 1043 (8th Cir. 2007). In the instant case, even if the court were to assume plaintiff was engaging in protected ADA activity while in TCU, and that his transfer to general population was an adverse action, there is no evidence to support a finding of a causal connection. The signed and verified affidavit of plaintiff's physician, Dr. Hardman, specifically states that although Dormire inquired as to whether plaintiff should be placed in general population, plaintiff was discharged from TCU based solely on Dr. Hardman's medical decision. Plaintiff's mere speculative and conclusory allegations that defendant Dormire had him transferred in retaliation, without more, do not support that he was transferred to general population because he had been making complaints.

The evidence in this case does not show plaintiff was discriminated against because of his disability; rather, the evidence shows that plaintiff did not have certain privileges, at times, based on concerns for his medical condition, and his status as an administrative segregation inmate in a level five maximum security prison. Although some special accommodation for each prisoner's individual needs may be desirable in the best of worlds, it is not mandated by the ADA or the Constitution, and it is often not feasible given a level five prison's limited flexibility and resources.

Assuming, arguendo, that plaintiff could establish an ADA violation, this court finds that in applying the analysis set forth in Klinger v. Director of Revenue, 455 F.3d 888 (8th Cir. 2006), that plaintiff has failed to come forward with evidence to support a finding that abrogation of sovereign immunity of the State of Missouri and its employees (acting in their official capacities) is applicable to his claims.

Furthermore, this court finds that no reasonable officer would have believed that limiting plaintiff's access to privileges, as set forth above, would violate the ADA or plaintiff's constitutional rights, and therefore, defendants would also be entitled to qualified immunity.

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment is granted and plaintiff's claims are dismissed. [265, 278, 289]  It is further

ORDERED that plaintiff's motions for judgment on the pleadings and to compel are denied as moot. [279, 294]

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated:  September 25, 2009
Jefferson City, Missouri